UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOSHUA SNIDER,

          Plaintiff,                  Case No. 1:20-cv-1126

v.                                     Honorable Paul L. Maloney

UNKNOWN BARRLET et al.,

          Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Davids. The Court will also dismiss, for failure to state a claim, Plaintiff's Fourteenth Amendment claims against the remaining Defendants. The Court will serve the complaint against remaining Defendants Barrlet, Tripple, and Bost. Plaintiff's First Amendment claims against Defendants Barrlet and Tripple and Eighth Amendment claims against Defendants Barrlet, Tripple, and Bost remain in the case.

**Discussion**

I.     **Factual Allegations**

At the time that Plaintiff filed this action, he was incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues RN Unknown Barrlet, Warden John Davids[1], RN Unknown Tripple, and Sergeant Unknown Bost. Since filing this lawsuit, Plaintiff has been released from prison.

In his amended complaint (ECF No. 7), Plaintiff alleges that he was diagnosed with Bipolar Disorder, ADHD, and PTSD at the age of seventeen. On March 11, 2016, while incarcerated by the MDOC, Plaintiff was classified as having a mental illness. In February of 2020, Plaintiff wrote numerous kites to Health Care Supervisor Amie Gaskill, complaining that the nurses under her supervision had been giving him incorrect medications. In September of 2020, Defendant Tripple sarcastically thanked Plaintiff for suing medical staff and told Plaintiff that they were going to get him, calling him a "nasty she male it thing." (ECF No. 7, PageID.49.) Plaintiff subsequently suffered from anxiety, depression, chest pain, and high blood pressure. Plaintiff alleges that, on October 1, 2020, Defendant Barrlet purposely tried to give Plaintiff the wrong psychiatric medication. When Plaintiff commented that it was not his medication, Defendant Barrlet grabbed it and rushed away. Plaintiff then suffered a panic attack, shortness of breath, chest pain, and uncontrollable shaking.

On October 2, 2020, Defendant Barrlet told Plaintiff that if he did not take his medication, he would be subjected to having his medications injected. Plaintiff took half the

---

[1] Named as John Davis.

medications and spit the rest out when he realized they were not his medications. Later that night, Plaintiff's eyes turned red, his mouth got numb, and he began throwing up. Plaintiff asked a Corrections Officer for medical attention, but the officer just smiled and walked away. Plaintiff saw Defendant Bost and yelled that he needed medical attention, but Defendant Bost ignored him. On October 3, 2020, Plaintiff became dizzy and developed a migraine. Plaintiff asked a Corrections Officer for medical assistance, but the officer refused.

On October 8, 2020, Defendant Barrlet apologized to Plaintiff for giving him the wrong medication. Plaintiff's written request for a grievance form was denied by the grievance coordinator. On October 17, 2020, Defendant Tripple tried to give Plaintiff the wrong medication and, when Plaintiff refused, Defendant Tripple laughed and said that she "almost got that thing." (ECF No. 7, PageID.54.) Plaintiff suffered a panic attack as a result. On October 20, 2020, Plaintiff requested a grievance form so that he could write a grievance on Defendants Barrlet and Tripple. Plaintiff's request was denied by the grievance coordinator. Plaintiff sent a kite to Healthcare Supervisor Gaskill, complaining about the nurses under her supervision. Plaintiff also sent numerous letters of complaint to Defendant Davids, to no avail.

Plaintiff states that Defendants violated his rights under the First, Eighth, and Fourteenth Amendments. Plaintiff seeks compensatory and punitive damages, as well as declaratory relief.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3

(2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Respondeat superior

Plaintiff fails to make specific factual allegations against Defendant Davids, other than his claim that he was the Warden of ICF and failed to conduct an investigation in response to Plaintiff's complaints. Government officials may not be held liable for the unconstitutional

4

conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Davids engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him.

IV.     **Fourteenth Amendment**

Plaintiff makes a conclusory claim that Defendants violated his rights under the Fourteenth Amendment. Liberally construing the complaint, it appears that Plaintiff is asserting a violation of his substantive due process rights under the Fourteenth Amendment, which prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV. "Substantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty'." *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Substantive due process … serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716,

728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)).  "Conduct shocks the conscience if it 'violates the "decencies of civilized conduct."'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998) (quoting *Rochin v. California*, 342 U.S. 165, 172-73 (1952))).  The Sixth Circuit has held that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988), *overruled in other part by Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999); *see also Davis v. Gallagher*, No. 1:16-cv-1405, 2016 WL 7403941, *4 (W.D. Mich. Dec. 22, 2016); *Robinson v. Schertz*, No. 2:07-cv-78, 2007 WL 4454293 (W.D. Mich. Dec. 14, 2007).

"Where a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 269 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989), *overruled on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001)) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens, and the Eighth Amendment provides the standard for such searches of prisoners)).  If such an amendment exists, the substantive due process claim is properly dismissed.  *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

In this case, there are specific constitutional amendments that apply to Plaintiff's claims.  For example, the Eighth Amendment provides an explicit source of constitutional protection to Plaintiff concerning his medical claims.  *See Whitley v. Albers*, 475 U.S. 312, 327 (1986) (rejecting a substantive due process claim where the Eighth Amendment supplies a textual

6

source for prison-condition claims); *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (because the Eighth Amendment supplies the explicit textual source of constitutional protection for claims governing a prisoner's health and safety, the plaintiff's substantive due process claim was subject to dismissal). Similarly, the First Amendment provides an explicit textual source of constitutional protection for Plaintiff's retaliation claims. Thus, the standard applicable to that source, the First Amendment right to be free from retaliation, and not the more generalized notion of substantive due process should be applied. *Graham*, 490 U.S. at 395; *see also Bell v. Johnson*, 308 F.3d 594, 610 (6th Cir. 2002) (holding that, after *Graham*, the First Amendment standard is the sole source of substantive protection); *Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001) (A "substantive due process right to free speech is duplicative of [a] First Amendment retaliation claim."). Consequently, Plaintiff's substantive due process claim will be dismissed.

**V.     Eighth Amendment**

Plaintiff claims that he was subjected to cruel and unusual punishment in violation of his rights under the Eighth Amendment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted).

Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35-37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

As noted above, Plaintiff claims that he was deliberately given improper medication and was denied medical care when he suffered ill effects from the medication. The Court concludes that the facts as alleged by Plaintiff support an Eighth Amendment claim against Defendants Barrlet, Tripple, and Bost.

8

### VI. Retaliation

Plaintiff claims that Defendants Barrlet and Tripple retaliated against him in violation of his First Amendment rights. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff alleges that he filed grievances and lawsuits on medical staff, which motivated Defendants Tripple and Barrlet to give him medications that were not prescribed and were harmful to him. Plaintiff specifically alleges that Defendant Tripple sarcastically thanked Plaintiff for suing medical staff and told Plaintiff that they were going to get him, and that the attempts to improperly medicate him occurred after he filed complaints on medical staff. (ECF No. 7, PageID.49.) The Court concludes that Plaintiff has alleged sufficient facts to state retaliation claims against Defendants Barrlet and Tripple.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Davids will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's Fourteenth Amendment claims against Defendants Bost, Tripple,

and Barrlet.  Plaintiff's Eighth Amendment claims against Defendants Bost, Tripple, and Barrlet and his First Amendment claims against Defendants Tripple and Barrlet remain in the case.  The Court will serve the complaint on Defendants Bost, Tripple, and Barrlet.

   An order consistent with this opinion will be entered.


Dated: February 9, 2021      /s/ Paul L. Maloney
                 Paul L. Maloney
                 United States District Judge